# PETER PRAX v. STANDARD CONSTRUCTION COMPANY AND ANOTHER.

158 N. W. (2d) 860.

May 10, 1968—No. 40,824.

*Michael J. Baglio* and *Ronald O. W. Ylitalo,* for relators.
*Hansen, Hazen, Dordell & Bradt* and *Gene P. Bradt,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.

This matter is before the court to review a decision of the Industrial Commission awarding compensation to the employee, Peter Prax. The only issue is whether the evidence supports a finding that the employee's disabling heart attack was caused by his employment.

On February 11, 1965, Prax was employed by Standard Construction Company as a carpenter's helper in the construction of a high-rise apartment building. In order to reach the place where he was assigned to work, it was necessary for the employee to walk up ten flights of stairs and thereafter climb ladders for an additional three floors. The employee testified that he did this in a leisurely way, stopping occasionally between flights, and that he experienced no unusual fatigue when he reached the top. He rested about 15 minutes and then proceeded to hand up 8- or 10-pound brackets and 5 x 8 planks to another employee a floor above him. After being thus engaged for 5 or 10 minutes, the employee experienced what he described as a "belching" sensation and pain in his arm and chest. Shortly thereafter he was obliged to stop work and was taken down from the building and hospitalized. His condition was diagnosed as an acute myocardial infarction, found by the commission to be a work-related temporary total disability.

It is undisputed that the employee was suffering from severe preexisting arteriosclerosis which could have caused an acute infarction at any time.

Two doctors were of the opinion the employee's activities on the job prior to his attack caused the infarction while two others testified that it was not work-related. The employer and insurer argue that because the employee suffered no immediate ill effects from climbing the stairs and ladders, and no unusual strain or significant physical exertion was involved in the work the employee was doing that morning, he has failed to prove a work-related disability.

Since the enactment of Minn. St. 176.021 by L. 1953, c. 755, § 2, which eliminated the words "caused by accident" from the prior statute, it is no longer necessary to prove *unusual* exertion to recover for a work-related disability resulting from an occupational disease. Golob v. Buckingham Hotel, 244 Minn. 301, 304, note 5, 69 N. W. (2d) 636, 639, note 4; Peterson v. The Ruberoid Co. 261 Minn. 497, 499, 113 N. W. (2d) 85, 86; Kolflat v. Northern Ordnance Co. 274 Minn. 104, 107, 142 N. W. (2d) 588, 590. Here there was competent medical evidence of a causal relationship between the employee's work and the acute myocardial infarction. As factfinders the commission had a right to rely on that evidence and reject the medical testimony of the employer and insurer which came to a different conclusion. Christenson v. Pedersen Brothers, 269 Minn. 111, 130 N. W. (2d) 234.

Respondent is allowed $250 attorney's fees.

Affirmed.